UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANDREW ELLIS,**

      **Plaintiff,**

v.                                               Case No: 6:22-cv-1005-RBD-DCI

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY, an Illinois Corporation,**

      **Defendant.**

## ORDER

On February 13, 2025, Plaintiff filed a motion to file under seal a motion for class certification and certain exhibits identified within that motion. Doc. 88 (the Motion to Seal). On the same date, Plaintiff filed with redactions the motion for class certification and has "provisionally filed under seal" the relevant exhibits. Doc. 89 (the Motion for Class Certification). The Motion to Seal and the Motion for Class Certification remain before the Court.

Pending before the Court is Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Seal and to File a Motion to Seal. Doc. 90. In part, Defendant requests an extension to March 6, 2025 to "respond" to the Motion to Seal. Defendant, however, already has until that date to file. Local Rule 1.11(c) provides:

> (c) SUPPORTING OR OPPOSING A MOTION TO SEAL. Within fourteen days after service or other delivery of a motion to seal, any party or non-party interested in establishing or maintaining the seal may file a memorandum supporting the seal. Within twenty-one days after the filing of the motion to seal, any party or non-party opposing the motion may respond. Neither the memorandum nor the response may exceed seven pages.

Since Defendant makes no mention of an intention to file a memorandum in support of the seal and instead specifies that a response is forthcoming, the request for additional time is unnecessary.[1]

Defendant also requests an extension of time to prepare its own motion to seal and declarations and again requests an additional seven days to March 6, 2025 to file the motion. Doc. 90 at 2. Defendant, however, does not identify the nature of the motion to seal or why that motion is due to be filed pursuant to a deadline requiring the Court to provide an extension of time. As such, the request is due to be denied. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

Also, pending before the Court is non-party Audatex's Motion to "Intervene for the Limited Purpose of Sealing Documents Reflecting Confidential and Trade Secret Information and for an Extension of Time to File its Response in Support of Sealing such Information." Doc. 92. To the extent Audatex seeks to "intervene," Audatex does not cite a basis for doing so and, therefore, the request is due to be denied. *See* Local Rule 3.01(a). Also, it appears that permission to intervene is unnecessary as Local Rule 1.11(c) already allows a non-party to file a memorandum in support of a motion to seal or file a response within the appropriate time limits.

---

[1] Defendant mentions that "Pursuant to Local Rule 1.11(c) State Farm's, and any other non-party's, Response *and* Memorandum of Law in Support of Sealing is due February 27, 2025." Doc. 90 at 1. Defendant conflates the language of the Local Rule and misstates the deadline for filing a "response." Also, it does not appear that Defendant's reference to Local Rule 1.11(c)'s provision for filing a memorandum in support is relevant to the relief sought because Defendant clearly states three times—including within the title—that it requests an extension to "respond" to the Motion to Seal. *Id*. at 1, 2. If Defendant instead seeks an extension of time to file a memorandum in support of the seal, Defendant should file an appropriate request and clearly state the precise relief requested. *See* Local Rule 3.01(a).

With respect to Audatex's request for an extension, it states that it also needs until March 6, 2025 to file a "Response in Support of the Motion to Seal." Doc. 92.[2] Again, to the extent Audatex needs the additional time to file a "response," it already has until March 6, 2025 to file and the request is unnecessary. To the extent, however, Audatex seeks an extension to March 6, 2025 to file a *memorandum in support* of the Motion to Seal, the undersigned finds the request is due to be granted.

Finally, Audatex requests additional time to file a "Motion and Memorandum of Law to Seal." Doc. 92 at 3.[3] Like Defendant, Audatex does not identify the nature of the motion to seal or why that motion is due to be filed pursuant to a deadline requiring the Court to provide an extension of time. As such, the request is due to be denied. *See* Local Rule 3.01(a).

Based on the foregoing, it is **ORDERED** that:

1. Defendant's Motion (Doc. 90) is **DENIED**;

2. Non-Party Audatex's Motion (Doc. 92) is **GRANTED in part** to the limited extent that Audatex may file a memorandum supporting the seal **on or before March 6, 2025**. The remainder of the Motion (Doc. 92) is **DENIED**.

**Ordered** in Orlando, Florida on February 27, 2025.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Unlike Defendant, Audatex does not limit the request to a "response" and adds "in support of the Motion to Seal." Doc. 92 at 4.

[3] Curiously, Audatex does not mention the request for an extension to file its motion within the "WHEREFORE" section. *See* Doc. 92 at 4. The undersigned will address the request, however, made within the body of the motion out of an abundance of caution.

- 3 -