# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANDREA ELLIS,** *individually and on behalf of others similarly situated*

        **Plaintiff,**

v.

        Case No: 6:22-cv-1005-RBD-DCI

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

        **Defendant.**

## ORDER

Pending before the Court is Plaintiff's Motion to File a Motion to Certify Class Under Seal. Doc. 88 (the Motion to Seal). Pursuant to Local Rule 1.11(b)(8), Plaintiff also provisionally filed under seal the documents that Plaintiff is requesting the Court seal: the unredacted Motion to Certify Class, the unredacted Exhibit 10 to the Motion to Certify Class, and Exhibits 1, 2, 6 and 8 to the Motion to Certify Class.[1] Doc. 88-1 to 88-6. Separately, Plaintiff has filed redacted versions of the Motion to Certify Class and Exhibit 10 with placeholders for the four exhibits provisionally filed under seal. Doc. 89.

Plaintiff, the movant, states that she takes no position on whether the materials should remain under seal but has filed the Motion to Seal "out of respect for Defendant's and Audatex's designations." Doc. 88 at 2. Plaintiff explains that the Motion to Certify Class and the exhibits reference or discuss information Defendant and Audatex designated as "Confidential." *Id*. Defendant filed an Amended Memorandum in Support of the Motion to Seal, and Non-Party

---

[1] All references to "Exhibits" are to the exhibits to the Motion to Certify Class, unless otherwise stated.

Audatex North America (Audatex) filed a Memorandum in Support of the Motion to Seal. Docs. 99, 100.

There are six items at issue:

- an unredacted version of Plaintiff's Motion to Certify Class;
- Phillip Johnson's Expert Report with attached exhibits (Exhibit 1);
- the Deposition Transcript of Douglas Graff with attached exhibits (Exhibit 2);
- the Deposition Transcript of Julie Zoch with attached exhibits (Exhibit 6);
- the Deposition Transcript of Neal Lowell with attached exhibits (Exhibit 8); and
- Kirk Felix's Expert Report with attached exhibits (Exhibit 10).

Doc. 88 at 1.

As to the Motion to Certify Class and Exhibit 10 (Docs. 89, 89-10), the Court finds good cause to allow Plaintiff to file under seal unredacted versions of those documents. *See* Doc. 88 at 3, n.1; 99-3 at 1, 10; 100 at 5 to 6, 8. Similarly, as to Exhibit 1, the Court finds good cause to allow Plaintiff to file that document under seal. Docs. 88; 99-3 at 1 to 2.[2]

As to Exhibits 2, 6, and 8, the Motion to Seal is denied in part. With respect to Exhibits 2 and 6, Audatex does not take a position on sealing or redacting those transcripts,[3] but Defendant requests that Plaintiff be permitted to file those documents under seal. Specifically, Defendant

---

[2] Audatex supports Plaintiff's Motion to Seal but also submitted a redacted version of Exhibit 1 and discussed the importance of redaction of the material from public view. Doc. 100 at 2 to 4.

[3] Audatex's support of Plaintiff's Motion to Seal focuses on the Motion to Certify Class, Exhibit 10 (the Felix Expert Report), Exhibit 1 (the Johnson Expert Report), and Exhibit 8 (the transcript for the Lowell deposition) (*see* Doc. 100 at 8), but Audatex mentions in a footnote and in the appendix to its supporting brief that deposition exhibits 16 and 17 to Douglas Graff's deposition transcript (i.e. Exhibit 2) should be sealed, not simply redacted. Docs. 100 at 4, n.2; 100-3 at 1. Defendant also moves to file those deposition exhibits under seal as discussed *infra*, as they are part of Exhibit 2.

highlights the sections of Exhibits 2 and 6 that Defendant contends should be redacted on the public docket and requests that the Court allow Plaintiff to file under seal only portions of Exhibit 2 (i.e. deposition exhibits 16 to 18 to Douglas Graff's deposition transcript) and Exhibit 6 (i.e. deposition exhibits 3, 4, 5, and 9 to Julie Zoch's deposition transcript). Doc. 99-3 at 2 to 6. Given the positions of the parties and Audatex, the Court finds good cause to permit Plaintiff to file under seal portions of Exhibits 2 and 6 (i.e. the identified deposition exhibits). Otherwise, Plaintiff should file on the public docket redacted versions of Exhibits 2 and 6.

With respect to Exhibit 8 (the transcript for the Lowell deposition), Plaintiff moves to file under seal the entire Exhibit, which includes a transcript and deposition exhibits. *See* Doc. 88. Audatex believes that, for the most part, redaction, not sealing, of the transcript is sufficient to maintain the confidentiality it seeks to protect but, like Defendant, asserts that the Court should permit Plaintiff to file under seal deposition exhibits 4-6 and 8-16. Doc. 100 at 5 to 5. Given the positions of the parties and Audatex, the Court finds good cause to permit Plaintiff to file under seal the deposition transcript along with deposition exhibits 4-6 and 8-16. As to the other deposition exhibits that are part of Exhibit 8, neither the parties nor Audatex has established a basis to file those deposition exhibits under seal, in large part because the Court has been provided with no basis to conclude that filing the items are necessary. *See* Local Rule 1.11(b)(3)(A).[4]

Based on the foregoing, it is **ORDERED** that:

---

[4] Audatex drops a footnote and states that it "provides a description of the Lowell deposition exhibits that Plaintiff does not rely on, and explains why they should remain sealed, in Appendix A, attached herewith." Doc. 100 at 5. Audatex's preceding use of the phrase "the remainder of the Lowell deposition exhibits" implies that Audatex addresses all the remaining exhibits in the Appendix, but Audatex discusses only Exhibits 4, 5, 8, 9, 11, 12 to 15, and 16. Doc. 100-3. No party or non-party has offered an adequate reason to seal Exhibits 1, 2, 3, 7, and 17 to the Lowell deposition transcript.

1. Plaintiff's Motion to Seal (Doc. 88) is **GRANTED in part** to the extent that:

    a. **on or before April 21, 2025**, Plaintiff shall file under seal unredacted versions of the following documents, which shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted (s*ee* Local Rule 1.11(f)):

        i. the Motion to Certify Class
        ii. Exhibit 1;
        iii. portions of Exhibit 2 (i.e. deposition exhibits 16 to 18 to Douglas Graff's deposition transcript);
        iv. portions of Exhibit 6 (i.e. deposition exhibits 3, 4, 5, and 9 to Julie Zoch's deposition transcript);
        v. portions of Exhibit 8 (i.e. Neal Lowell's the deposition transcript and deposition exhibits 4-6 and 8-16); and
        vi. Exhibit 10;

    b. **On or before April 21, 2025**, Plaintiff may file redacted versions of Exhibits 2 and 6;[5] and

2. the remainder of the Motion (Doc. 88) is **DENIED**.

**ORDERED** in Orlando, Florida on April 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court will not further consider the documents provisionally filed under seal pursuant to Local Rule 1.11(b)(8). Thus, the Court reminds the parties of the obvious: if a redacted document is filed and an unredacted version is not also filed under seal, whatever is redacted is not before the Court for consideration. In other words, the Court will not look back to the provisionally sealed documents to consider the substance of any redacted materials. If there is no unredacted version filed with permission of the Court, the Court will consider only the redacted document.